Common Pleas Court of Hamilton County.

SOL GOODMAN V. MOTORISTS' ALLIANCE OF AMERICA, INC.

Decided October 1, 1931.

*Sol Goodman, Roy L. Struble* and *Philip* and *S. C. Roettinger,* attorneys for plaintiff.

*Bert H. Long* and *William S. Little,* attorneys for defendant.

ALFRED MACK, J.

It is sought herein to enjoin defendant corporation from engaging either directly or indirectly in the practice of law, and the petition sets forth the alleged "legal service" which defendant undertakes to perform.

Heretofore this court in case of *Goodman* v. *Western Bank & Trust Co.,* 28 O. N. P. (N. S.), 272, and Courts of Common Pleas in other parts of the state and the Court of Appeals of Cuyahoga county in *Dworken* v. *Apartment House Owners' Association,* 34 O. L. R., 234, have determined that actions of the character of that in the instant case may be maintained and that the plaintiff as an attorney has a right to bring such action on behalf

of himself and other members of the legal profession. The Supreme Court of Ohio denied a motion to certify the record in the case decided by the Court of Appeals of Cuyahoga county.

This cause has been submitted to the court upon the pleadings and the evidence, the answer, in brief, denying that defendant corporation is directly or indirectly engaged in the practice of law. It was undisputed on the trial that defendant by the contract or policy issued by it at the time this action was instituted did not undertake to insure or compensate its patrons or policy holders for any loss or damage, but that it undertook to pay a reward of $100 for the arrest and conviction of any person stealing the automobile of a contract holder. Such policy under the designation "legal service" undertook to defend contract holders without charge for attorney's fees in legal proceedings and to represent them without charge for attorney's fees, in the prosecution of lawful claims for damages to their automobiles, etc.

Plainly such policy is clearly distinguishable from that written by liability companies which undertake to insure the policy holder and to prosecute or defend such matters through their own attorneys, because in such cases the liability companies are prosecuting or defending rights in which they are interested.

Although it was not expressly admitted that under the policy written by defendant at the time this suit was instituted, defendant was indirectly engaged in the practice of law, nevertheless it was admitted that such policy contained objectionable features, and that in consequence thereof the writing of such policy has been entirely discontinued since the institution of this suit.

This court is clearly of opinion that under the policy written by defendant corporation when this suit was instituted, defendant corporation was unlawfully engaged in the practice of law and that an injunction against defendant furnishing legal services in said matters will be enjoined. Defendant, since the institution of this suit, is now writing a contract or policy designated as "Investigation, arbitration, advice and assistance," and is also now agreeing to furnish the holder of such contract

with "towing service." This latter service is plainly not practicing law.

As to matters embraced under the designation of "Investigation, arbitration, advice and assistance," the court is clearly of opinion that defendant has a right to agree with the holder of its policy or contract with reference to investigation and arbitration of matters growing out of the operation of his automobile. However, the contract provides in each instance for "advice." Upon the trial the evidence adduced as to the character of "advice" furnished the policy holder shows that when there has been any damage by reason of the operation of the automobile of policy holder, to him or his automobile, or to another or the automobile of such other, the defendant company investigates the circumstances surrounding said matter. It gathers the statements of witnesses and then advises the policy holder whether he has a good claim against the other party or whether the other party has a good claim against him.

It was strenuously argued that this is a mere advice and not the practice of law. The court is unable to agree with this argument. On the contrary, the court is clearly of opinion that the giving of advice as to whether a claim is good or not is the giving of advice as to *legal rights*. This is essentially the character of service that is performed by an attorney in the practice of law.

"Advice" has been defined to be "an opinion given for the practical direction of conduct." When such conduct relates to the assertion or defense of legal rights the advice is essential legal advice. The ,Century Dictionary defines "advice" as "an opinion recommended, or offered, as worthy to be followed." When the opinion relates to the assertion or defense of legal rights, in the opinion of this court, it is essentially part of the practice of law.

It will be observed that the "advice" is not an opinion on some other matter than legal rights, nor is it a suggestion as to course of conduct not having reference to legal rights. Advising a person that he has a good claim, or a

good reason for resisting a claim by another, is from its very nature advising him as to *legal rights*.

It follows from the foregoing that the practice of the defendant corporation in giving "advice" under its amended policy will also be enjoined.

Common Pleas Court of Butler County.

EDGAR L. CUMMINS ET AL V. SAMUEL S. KINSINGER.

Decided March 14, 1931.

*H. R. Reigart* and *W. C. Shepherd,* attorneys for the plaintiffs.

*Kimball Scott* and *Andrews, Andrews & Rogers,* attorneys for the defendant.

BOYD, J.

This is an action for the possession of the real estate and for an accounting for the rents, issues and profits